Fred M. Wooster. No opinion. Judgment and order affirmed, with costs.

---

BRUCE, Respondent, v. SWANSTON, Appellant. (Supreme Court, Appellate Division, Second Department. January 22, 1915.) Action by Alexander Bruce against Daniel Swanston. No opinion. Motion granted.

---

BUFFALO BUILDERS' SUPPLY CO., Inc., Appellant, v. REEB, Respondent. (Supreme Court, Appellate Division, Fourth Department. January 27, 1915.) Action by the Buffalo Builders' Supply Company, Incorporated, against Menno A. Reeb.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted. Held, that the complaint states a cause of action for a rescission of the contract and transaction between the parties, and for a recovery by plaintiff of the purchase price, by reason of a substantial failure of consideration, upon authority of Callanan v. K. A. C. & L. C. R. R. Co., 199 N. Y. 268, 92 N. E. 747; also held, that plaintiff is entitled to an examination of all books, papers, documents, and writings in the possession of defendant or under his control, relating to the issues herein, such examination to be conducted before a referee to be appointed by this court. Order appointing such referee and defining the scope and extent of such examination to be settled before Mr. Justice Merrell on five days' notice.

KRUSE, P. J., dissents.

---

BUFFALO SAVINGS BANK v. POLISH ROMAN CATHOLIC CHURCH OF THE HOLY MOTHER OF THE ROSARY, OF BUFFALO, et al. (DIOCESE OF BUFFALO, Intervener). (Supreme Court, Appellate Division, Fourth Department. January 29, 1915.) Appeal from Erie County Court. Suit to foreclose a mortgage by the Buffalo Savings Bank against the Polish Roman Catholic Church of the Holy Mother of the Rosary, of Buffalo, N. Y., and others, in which the Diocese of Buffalo intervened. From an order permitting one of the defendants to be subrogated to the rights of the plaintiff under the mortgage, upon making certain payments, and requiring the intervener to surrender possession, the intervener appeals. Order modified. See, also, 87 Misc. Rep. 343, 150 N. Y. Supp. 726. Charles L. O'Connor, of Buffalo (D. J. Kenefick, of Buffalo, of counsel), for appellant Diocese of Buffalo. De Witt Clinton, of Buffalo, for respondent Buffalo Savings Bank. Richard L. Ball, of Buffalo, for appellants intervening judgment creditors. Henry Adsit Bull, of Buffalo, for respondent Pendock Co. Donnelly & O'Neil, of Buffalo, for defendant Polish Roman Catholic Church. Henry Adsit Bull, Chas. B. Sears, and John Lord O'Brian, all of Buffalo, for respondent Pendock Co. and defendant Church.

PER CURIAM. The order appealed from should be modified, so as to require as a further condition to the relief granted to the Pendock Company and the Polish Roman Catholic Church of the Holy Mother of the Rosary: (1) That said Pendock Company pay or tender to the Diocese of Buffalo the $100 paid by said diocese toward the expenses of the reference as provided by the stipulation of the parties dated December 23, 1913. (2) That said Pendock Company pay into court to the credit of this action a sum sufficient to reimburse the Diocese of Buffalo for the taxes paid by it and the repairs and improvements made by it upon said mortgaged premises since it has been in possession, to the end that said diocese may be reimbursed therefrom to the amount only that it may be equitably entitled, and also a sum sufficient to pay in full, principal and interest, each judgment against said Polish Roman Catholic Church of the Holy Mother of the Rosary now a lien on said mortgaged premises, except those held or owned by said Pendock Company, to the end that said judgments, in so far as they represent legal or equitable obligations or indebtedness of said church corporation, may be paid therefrom. The amounts to be paid to said diocese and said judgment creditors from the funds so deposited to be determined in this action by the County Court of Erie County, or a referee appointed by that court, and the surplus, if any, to be returned to said Pendock Company. The amounts so to be paid into court and the dates for the performance of the several acts required by the order herein, as modified, to be determined upon the settlement of the order to be entered hereon, which order shall be settled upon five days' notice before Mr. Justice Foote. No costs of this appeal are allowed to either party.

KRUSE, P. J., and LAMBERT, J., dissent, and vote to carry out the provisions of the order of this court made upon the former appeal herein and the stipulation of the parties interested made subsequent thereto.

---

BURKE et al., Appellants, v. TRAVELERS' INS. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 29, 1915.) Action by Edward H. Burke and another against the Travelers' Insurance Company. No opinion. Judgment affirmed, with costs.

---

BURMESTER, Respondent, v. O'BRIEN, Appellant. (Supreme Court, Appellate Division, Second Department. January 8, 1915.) Action by Anna Frances Burmester, individually and as executrix, etc., against Charles T. M. O'Brien.

PER CURIAM. The circumstances of the sale of the firm book accounts justified the Special Term in surcharging the defendant's account with the additional items stated in the decree. The defendant alone has appealed. As plaintiff has not taken any cross-appeal, she cannot urge that we increase the judgment in her favor. Burns v. Burns, 190 N. Y. 211, 215, 82 N. E. 1107; St. John v. Andrews Institute, 192 N. Y. 382, 85 N. E. 143. While the 1912 amendment of Code Civ. Proc. § 1317, gives power to modify, affirm, or reverse in whole or in part, and to make new findings, the root of our jurisdiction is by an appeal by the